

# The Attorney General of Texas

May 5, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Edward Woolery-Price
Colorado County Attorney
910 Milam
Columbus, Texas    78934

Opinion No. JM-31

Re:    Jurisdiction of county
court on appeal of probation
violation under section 22 of
article 6687b, V.T.C.S.

Dear Mr. Woolery-Price:

You have asked a question concerning section 22 of article 6687b, V.T.C.S., which is entitled "Authority of Department [of Public Safety] to suspend or revoke a [driver's] license." Your question is based upon the following facts:

> A licensee was found by the justice of the peace [hereinafter J.P.] to be an habitual violator and placed on one year probation, as provided in subsection (e) of section 22, article 6687b. No appeal is perfected by licensee to the above.

> Then, the same licensee is subsequently cited to appear before the same J.P. for violation of a term or condition of that probation. At this hearing the J.P. finds that a term or condition of probation has been violated and enters an order to that effect. The Texas Department of Public Safety then suspends the license to drive.

> Based upon the J.P.'s order that the licensee has violated his probation -- that licensee then files with the county court a petition wherein the licensee is appealing from the order of the J.P. that the probation has been violated. The licensee prays for a trial of all the issues, namely beginning with <u>the issue of whether licensee is a habitual violator.</u> (Emphasis in original).

We note that the case described by these facts is no longer before the courts; however, you wish to inquire about the legal issues raised by these facts. You ask:

As a result of the appeal by the licensee from the J.P. order that the licensee has violated probation, what does the county court have jurisdiction to hear? Is it to decide the issue of whether the term or condition of probation was violated, or is the county court to hear the issue(s) of whether the licensee is:

(a) an habitual violator, and if so,

(b) should the licensee be placed on probation or his license suspended?

The following provisions of section 22 are relevant in this inquiry:

(a) When. . . the Director [of the department] believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing. . . For the purpose of hearing such cases, jurisdiction is vested in. . . a Justice of the Peace. . . Upon such hearing, the issues to be determined are whether the license shall be suspended or. . . revoked, and, in the event of a suspension, the length of time. . . The officer who presides at such hearing shall report the finding to the Department which shall have authority to suspend the license for the length of time reported; provided, however, that in the event of such affirmative finding, the licensee may appeal to the county court. . . said appeal to be tried de novo. . .

(b) The authority to suspend [a] license. . . is granted the Department upon determining after proper hearing as hearinbefore set out that the licensee:

. . . .

(4) Is an habitual violator of the traffic law [as hereinafter defined].

. . . .

(e) The judge or officer holding a hearing under Subsection (a). . . , on determining that the License shall be suspended or revoked, may. . . recommend that the revocation or suspension be probated on terms and conditions

deemed by the officer or judge to be necessary or proper. . . When probation is recommended by the judge or officer. . . the department shall probate the suspension or revocation.

(f) When the director believes that a licensee who has been placed on probation . . . has violated a term or condition of the probation, the director shall notify the licensee and summons him to appear at a hearing <u>as provided in Subsection (a) or (d) of this section. . . The issue at the hearing shall be whether a term or condition of the probation has been violated.</u> The officer or judge. . . shall report his <u>finding</u> to the department and if the <u>finding</u> is that a term or condition of the probation is violated, the department shall revoke or suspend the license as determined in the original hearing. (Emphasis added).

We begin by noting that you have not asked us to decide whether it would be too late for the licensee to appeal a justice of the peace's original findings that he is an habitual violator of the traffic laws, that his driver's license should be suspended, and that the suspension should be probated. On the contrary, you have only asked whether these issues may be raised in a trial de novo to which an individual is entitled upon appeal of a justice of the peace's finding that he violated a condition of his probation. We will limit our discussion to this issue.

Section 22(e) of article 6687b provides that a justice of the peace who has determined that a licensee's driver's license should be suspended may probate that suspension upon terms and conditions which he deems proper. When probation is recommended, the department is required to probate the suspension. Under section 22(f), if the Director of the Department of Public Safety believes that the licensee has violated a condition of his probation, he may summons the licensee to a hearing which is to be held under the provisions of section 22(a). Section 22(f) explicitly provides that "the issue at the hearing shall be whether a term or condition of the probation has been violated."

Under section 22(a), the original issues to be decided by a hearing officer are whether a licensee's license should be revoked or suspended, and, if suspended, the length of the suspension. The licensee is entitled to appeal the hearing officer's "findings" on these issues and receive a trial de novo in the county court. In a section 22(a) probation revocation hearing which results from the application of section 22(f), however, the sole issue to be decided by the hearing officer is whether the licensee violated a condition of his probation. We believe that the hearing officer's determination on

this issue constitutes a "finding" within the meaning of section 22(a), and that the licensee is entitled to appeal this "finding" to the county court and receive a trial de novo.

Because the statute expressly provides that the sole issue to be decided at a probation revocation hearing is whether the licensee violated a condition of his probation, we believe that it logically follows that this is the sole issue which may be taken up in a trial de novo which results from an appeal of the hearing officer's finding on this issue. Put another way, the hearing officer's prior determinations that the licensee is an habitual violator of traffic laws, that his license should be suspended, and that the suspension should be probated may not be taken up in a later trial de novo. The proceeding which involved these three issues is entirely different from the proceeding which involves the issue of whether a condition of probation has been violated, and given the express language of the statute, we believe that it is clear that these two proceedings may not be intermingled. Had the licensee wished to appeal the justice of the peace's original findings, he could have done so directly under section 22(a) and received a trial de novo on those issues. We do not believe that he may raise these issues in an appeal taken in a subsequent proceeding.

We therefore conclude that a hearing officer's determinations that a licensee is an habitual violator of the traffic laws, that his license should be suspended, and that the suspension should be probated may not be examined in a trial de novo which results from an appeal of the hearing officer's later finding that the licensee violated a condition of his probation.

<u>S U M M A R Y</u>

Section 22 of article 6687b, V.T.C.S., does not permit a hearing officer's findings that a licensee is an habitual violator of the traffic laws, that his license should be suspended, and that the suspension should be probated to be examined in a trial de novo which results from an appeal of the hearing officer's later finding that the licensee violated a condition of his probation.

Very truly you

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Rick Meyer
Jim Moellinger
Nancy Sutton